UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80987-BLOOM/Valle

THE MARBELLA CONDOMINIUM
ASSOCIATION, and NORMAN SLOANE,

    Plaintiffs,
v.

RSUI INDEMNITY COMPANY,

    Defendant.
_____/

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant RSUI Indemnity Company's ("RSUI") Motion for Judgment on the Pleadings, ECF No. [31] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting filings, the record and the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted.

**I.    Background**

Plaintiffs The Marbella Condominium Association ("Marbella") and Norman Sloane ("Sloane") (together, "Plaintiffs") initiated this action against RSUI alleging breach of an insurance contract and seeking a declaration that Plaintiffs are covered under a Directors and Officers Liability Policy, ECF No. [1-2] at 18-58 (the "Policy"), issued by RSUI for claims arising from the installation of hurricane impact windows and sliding glass doors at a condominium. *See* ECF No. [1-2] at 8-17 ("Complaint"). On November 5, 2013, Jack Leone ("Leone") and Franklyn Field ("Field") (together, the "Underlying Plaintiffs") filed suit in Florida state court against Marbella, Sloane, and two other parties for the installation of non-

compliant windows (the "Underlying Action"). *See* ECF No. [1-2] at 64-80 (the "Underlying Complaint"). Marbella and Sloane tendered the Underlying Action to RSUI for coverage, which RSUI denied based upon several Policy exceptions. *See* ECF No. [10-2]. After amending their complaint, Underlying Plaintiffs again gave notice to RSUI. RSUI then updated its coverage position to state that coverage also did not exist because the insured v. insured exception applied due to Leone's status as former association president. *See* ECF No. [10-3] at 4. Underlying Plaintiffs amended their complaint again, ultimately resulting in the filing of a third amended complaint, ECF No. [35-4] ("Third Amended Complaint"), asserting claims against Marbella and Sloane only. Thereafter, Underlying Plaintiffs, Marbella, and Sloane entered into a mediated settlement agreement, which settled all of the claims in the Underlying Action. *See* ECF No. [35-6]. Plaintiffs now seek a declaration of their rights pursuant to the Policy, and damages for RSUI's failure to provide coverage for the Underlying Action. RSUI has asserted a counterclaim, seeking a declaration that the Policy does not provide coverage for the Underlying Action.

**II.      Legal Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*,

823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011).  As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Through this lens, the Court considers the instant Motion.

### III. Discussion

In its Motion, RSUI argues that the Underlying Action is not covered due to several Policy exclusions, including an insured v. insured exclusion, a prior acts exclusion, a builder/developer exclusion, and a contract exclusion.  Plaintiffs counter that none of the exclusions properly apply.  Because the issue of whether the insured v. insured exclusion of the Policy applies is dispositive, the Court considers it first.

The parties agree that Florida law governs the interpretation of the Policy.  "Under Florida law an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such a policy.  As with all contracts, the interpretation of an insurance contract is a question of law to be determined by the court." *Vozzcom, Inc. v. Great Am. Ins. Co. of N.Y.*, 666 F. Supp. 2d 1332, 1336 (S.D. Fla. 2009) (quoting *Fabricant v. Kemper Indep. Ins. Co.*, 474 F. Supp. 2d 1328, 1330 (S.D. Fla. 2007)), *aff'd*, 374 F. App'x 906 (11th Cir. 2010); *see also Camico Mut. Ins. Co. v. Rogozinski*, 2012 WL

4052090, at *6 (M.D. Fla. Sept. 13, 2012) ("Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law.") (quoting *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001)).  Florida law requires that "in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." *United States Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007).  Additionally, "Florida courts have said again and again that insurance contracts must be construed in accordance with the plain language of the policy." *Vozzcom*, 666 F. Supp. 2d at 1336 (quoting *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 735 (Fla. 2002)).  Indeed, "[i]n construing terms appearing in insurance policies, Florida courts commonly adopt the plain meaning of words contained in legal and non-legal dictionaries." *Cont'l Cas. Co. v. Wendt*, 205 F.3d 1258, 1263 (11th Cir.2000) (per curiam).

The Policy defines several key terms relevant to the present issue as follows:

> G. Insured means any Insured Organization and/or any Insured Person.[1]
>
> I. Insured Person means any past, present or future director, officer, trustee, Employee, or any committee member of a duly constituted committee of the Insured Organization.

Policy at 49.  Furthermore, the Policy contains an Insured v. Insured exclusion at Section IV. ¶ 7, which provides:

> The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured:
>
> 7. Brought by or on behalf of any Insured, except:

---

[1] The parties do not dispute that Marbella is an Insured Organization or that Sloane is an Insured Person.

4

>
> d. Any Claim brought by any past director, officer, trustee, manager or equivalent executives of the Insured Organization who have not served as a director, officer, trustee, manager or equivalent executive for at least three (3) years prior to the date such Claim is first made, and if the Claim is brought and maintained totally independent of and without the solicitation, assistance, active participation or intervention of the Insured Organization or any Insured Person not described in this paragraph 7.d.

*Id*. at 36, 51.  Therefore, the Policy does not provide coverage for claims brought by an Insured against another Insured, which includes both Insured Persons and an Insured Organization. Central to the application of this exclusion is whether Field or Leone, the Underlying Plaintiffs, are Insured under the terms of the policy.

"Under Florida law, when a term in an insurance policy is ambiguous, the court must construe it in favor of the insured and against the insurer."  *Wendt*, 205 F.3d at 1261-62 (citing *Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1539 (11th Cir.1995)) (emphasis added). Here, the parties do not dispute that Field was not an Insured under the policy.  *See* ECF No. [35] ("Response") at 4.  Plaintiffs also do not appear to dispute that Leone is an Insured as defined in paragraph 7.d, and the parties do not argue that the provision in the Policy is ambiguous or unclear.  Given the lack of ambiguity, the plain meaning of the terms control irrespective of their exclusionary or limiting effect on the Policy's coverage.  *See Vozzcom,* 666 F. Supp. 2d at 1339 ("[W]hile it is true that ambiguous insurance policy provisions must be construed in favor of the insured, there is simply no ambiguity in this case."); *Bond Safeguard Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 628 F. App'x 648, 653 (11th Cir. 2015) ("Exclusionary provisions that are clear and unambiguous must be enforced according to their terms, and 'courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the

intentions of the parties.'") (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)).

RSUI argues that with the presence of an Insured (Leone) making a claim against another Insured (Marbella and Sloane) in the Underlying Action, the Insured v. Insured exclusion applies to bar coverage for the entire Underlying Action. Plaintiffs argue that the presence of Field as an Underlying Plaintiff prevents the Insured v. Insured exclusion from applying; and furthermore, that the differences between the damages alleged by Field and Leone in the Underlying Action make their claims individual and distinct, therefore triggering the application of the Policy's allocation clause.[2] Plaintiffs' arguments are unavailing based upon two cases, which inform the Court's analysis: *PowerSports, Inc. v. Royal & Sunalliance Insurance Company*, 307 F. Supp. 2d 1355 (S.D. Fla. 2004) and *Sphinx International, Inc. v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania*, 412 F.3d 1224 (11th Cir. 2005).

In *PowerSports*, as here, there existed both not insured and insured underlying plaintiffs and the insurance policy contained a similar insured v. insured exclusion. 307 F. Supp. 2d at

---

[2] The Predetermined Allocation endorsement in the Policy provides:

SECTION V.- CONDITIONS, F. Allocation is deleted and replaced by the following:

- F. Assuming that a duty to defend has been triggered in connection with a Claim, the Insurer shall not seek to allocate with respect to Defense Expenses incurred in connection with such Claim and shall pay One Hundred Percent (100%) of such Defense Expenses.

  If any other Loss covered under this policy and loss not covered under this policy are jointly incurred, however, either because a Claim includes both covered and non-covered matters or covered and non-covered causes of action or because a Claim is made against both an Insured and any other parties not insured by this policy, then the Insured and the Insurer shall use their best efforts to fairly and reasonably allocate payment under this policy between covered Loss and non-covered loss based on the relative legal exposures of the parties with respect to covered and non-covered matters or covered and non-covered causes of action.

All other terms and conditions of this policy remain unchanged.

ECF No. [1-2] at 37.

Case 9:16-cv-80987-BB   Document 42   Entered on FLSD Docket 01/30/2017   Page 7 of 9

Case No. 16-cv-80987-BLOOM/Valle

1359.  The underlying defendant who sought coverage under the policy was also an insured.  *Id*. at 1358.  Based upon the policy exclusion, the insurance company denied coverage for the entire underlying action.  *Id*.  Thereafter, the underlying defendant sued the insurance company making the same arguments that Plaintiffs make here.  *See id*. at 1359.  The court in *PowerSports* found that where the underlying action involves claims by both insured and not insured plaintiffs from its inception, the plain language of the insured v. insured provision bars coverage for the entire underlying action.  *Id*. at 1361.  Furthermore, the court expressly rejected the argument that because the underlying plaintiffs had asserted distinct claims, a portion of the underlying action would not fall victim to the exclusion, when read in conjunction with the policy's allocation clause.  *Id.* at 1361-62.  Similarly, in *Sphinx*, an insured brought the underlying lawsuit, and then recruited other plaintiffs, who were not insured.  412 F.3d at 1230-31.  The insurance company denied coverage for the underlying action based upon an insured v. insured exclusion, and the district court held that the exclusion barred coverage.  *Id*. at 1225-26.  On appeal, the Eleventh Circuit affirmed the district court's decision, based largely upon the fact that an insured plaintiff initiated the underlying action.  *Id*. at 1231.

Plaintiffs argue that the case at bar is more similar to *Level 3 Communications, Inc. v. Federal Insurance Company*, 168 F.3d 956 (7th Cir. 1999), in which the court determined that an insured v. insured exclusion did not operate to bar coverage.  This Court disagrees.  In *Level 3*, the underlying case was initiated by persons whose claims were covered, and only later was another plaintiff, who was an insured, permitted to join.  *Id*. at 957.  The *Level 3* court reasoned that the insured v. insured exclusion in the policy did not operate to bar coverage under those circumstances because such an application "would produce the odd result that a claim fully

covered when made could become fully uncovered when another plaintiff was permitted to join it." *Id.* at 960.

Those are not the facts before the Court in this case. Rather, as in *PowerSports* and *Sphinx*, from its inception, the Underlying Action involved claims by both an insured (Leone) and an individual not insured under the Policy (Field), and was therefore not covered from its inception. As a result, the Insured v. Insured exclusion in this case operates to bar coverage for the entire Underlying Action. Moreover, this Court rejects Plaintiffs' attempt to distinguish Underlying Plaintiffs' claims on the basis that they sought distinct damages. A review of the Third Amended Complaint in the Underlying Action reveals that while the measure of damages may be different by virtue of Field and Leone owning separate units, the claims asserted were brought on behalf of both together, and stemmed from the same installation of non-compliant glass. As such, the allocation provision in the Policy does not apply since the duty to defend was not triggered. *See* supra at n.2; *see also PowerSports, Inc.*, 307 F. Supp. at 1362 ("Allocation clauses only become relevant in the event that a loss involves both covered and uncovered claims. Whereas this action involves uncovered claims only, the allocation question is moot.").

Because the Insured v. Insured exclusion applies to completely bar coverage for the Underlying Action, the Court need not consider the potential application of additional Policy exclusions.

### IV. Conclusion

Based on the foregoing, the Motion, **ECF No. [31]**, is **GRANTED** and the Court will enter judgment in favor of RSUI upon its Counterclaim by separate order.

Case No. 16-cv-80987-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida this 30th day of January, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record